IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH EARL STANLEY, TDCJ-CID NO.1122730, Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. H-09-1887 |
| RICK THALER,[1] Respondent. | § § § § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Kenneth Earl Stanley, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.  PROCEDURAL HISTORY

On September 3, 2002, petitioner was convicted in the 209th Criminal District Court of Harris County, Texas, of the felony offense of aggravated robbery in cause number 888964 and sentenced to ninety-nine years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was subsequently affirmed, and his Petition for Discretionary Review ("PDR") was refused on February 11, 2004. Stanley v. State, No.04-02-00740-CR, 2003 WL 22298487 (Tex.

---

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

App.–San Antonio, pet. ref'd); Texas Court website.[2] Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about May 11, 2004. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the 209th Criminal District Court on January 17, 2006.[3] The Texas Court of Criminal Appeals denied the application without written order on May 24, 2006. Texas Court website.[4] Petitioner filed a second state habeas application, which the Texas Court of Criminal Appeals dismissed on December 10, 2008. Id.[5] Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on June 11, 2009.[6] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997).

---

2 http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2149076

3 Information obtained telephonically from Harris County District Clerk's Office.

4 http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2242986

5 http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2354530

6 The district clerk actually recorded the petition as filed on June 15, 2009, but petitioner executed the petition on June 11, 2009. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

Petitioner seeks federal habeas relief on the following grounds:

1. He was denied the effective assistance of counsel;

2. He appeared before the jury in a jail jumpsuit;

3. His appeal was transferred to a state court of appeals outside of Houston to avoid a favorable decision; and,

4. The indictment by which he was charged and convicted was fatally defective.

(Docket Entry No.1).

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional

3

>           right asserted was initially
>           recognized by the Supreme Court, if
>           the right has been newly recognized
>           by the Supreme Court and made
>           retroactively applicable to cases on
>           collateral review; or
>
>     (D)   the date on which the factual
>           predicate of the claim or claims
>           presented could have been discovered
>           through the exercise of due
>           diligence.
>
> (2)  The time during which a properly filed
>      application for State post-conviction or other
>      collateral review with respect to the
>      pertinent judgment or claim is pending shall
>      not be counted toward any period of limitation
>      under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. See Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about May 11, 2004, the last day petitioner could have filed a petition for a writ of *certiorari* with the Supreme Court of the

4

United States. SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on May 11, 2005.

Petitioner's state applications for habeas corpus relief were filed after the expiration of the May, 2005 deadline; thus, the tolling provisions found in § 2244(d)(2) do not apply to either application. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner filed the pending federal habeas action on June 11, 2009, well after the expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

Petitioner concedes that the pending habeas action is untimely and requests equitable tolling of the limitations period. (Docket Entry No.6). Petitioner contends that he did not discover the constitutional issues for which he seeks habeas relief until after limitations expired because such issues were in the hands of his trial and appellate counsel. (Id.). Petitioner claims that he did not discover these issues until he received legal assistance from another inmate on his Unit. (Id.).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)). To be entitled to equitable tolling, a petitioner

5

must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007). An alleged violation of ineffective assistance of counsel does not justify equitable tolling. See Molo v. Johnson, 207 F.3d 773, 775-76 (5th Cir. 2000) (stating "criminal defendant has a right to effective assistance of counsel on a first appeal as of right; an alleged violation of that right does not toll the AEDPA's statute of limitations"); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (finding "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (noting that "[i]neffective assistance of counsel is irrelevant to the tolling decision"). Petitioner has not shown that any other extraordinary circumstance, other than his incarceration, stood in his way or prevented him from timely filing the pending petition. Nor has he shown that he diligently pursued federal habeas relief.

Furthermore, petitioner has not identified any additional circumstances that might warrant equitable tolling. "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant equitable tolling. Id. at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable

6

filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Moreover, petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. See 28 U.S.C. §

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on

procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would debate the correctness of the Court's procedural ruling; therefore, a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.2) is DENIED.

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

Signed at Houston, Texas, on October 24, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

8